IN THE MATTER, ETC., OF THE NEW YORK, WEST SHORE
AND BUFFALO RAILWAY COMPANY, RESPONDENT, v.
THEOPHELIA G. TOWNSEND, APPELLANT, IMPLEADED
WITH OTHERS.

*Commissioners to appraise lands to be taken for a railroad—appeal from their report—
insolvency of railroad — demand for payment of the award, necessary — when the
report will be set aside because a son of one of the commissioners is taken into the
employ of the company before the hearing.*

APPEAL from an order of the Special Term confirming the report
of commissioners appointed to appraise lands to be taken by the
New York, West Shore and Buffalo Railway Company and refusing
to set aside such report on the motion of the owners.

The court at General Term said : " The owners have also noticed
a motion at this term, which has been made, preliminarily, to set
aside the report and award and order on the ground that the com-
pany has failed to deposit the money as required by the order (which
was made August 16, 1884), and is insolvent.   These facts are not
disputed.   The rights of the respective parties became vested by the
confirmation.   (*People ex rel. Gas-Light Co.* v. *City of Syracuse,* 78
N. Y., 56.)   And they stand substantially like purchaser and vendor
of land.   The general rule is that, where no time is appointed by
the contract, a demand must be made in order to put the other side
in default.   It does not appear that any demand has been made on
the company.   Further, the owner of the land has appealed.   It is
uncertain therefore, pending that appeal, whether the report of the
commissioners will stand.   In this uncertainty it would not be
reasonable to set aside the award for the failure to pay."

After holding that no ground for interference on the merits was
shown, the General Term said : " Another ground urged on this
appeal respects the alleged bias and incompetency of the commis-
sioners.   The motion for the appointment of commissioners was
made July ninth.   On that day Mr. Roosa was not a freeholder.
Subsequently a lot of land for the consideration as stated in the
deed of $500, was conveyed to him by deed dated July tenth and
recorded July eleventh.   And on July twelfth he was appointed
commissioner.   We think his appointment was valid.

" Another commissioner was Mr. Amasa Humphrey. A few days after his appointment Maurice W. Humphrey, his son, was appointed by the railway company telegraph operator at Saugerties, and on September fourteenth of the same year he was appointed station agent and operator at Milton, where the land in question lies. On the question as to appellant's willingness to have Mr. Humphrey act as commissioner there are conflicting affidavits. On her part, however, it is shown that she did not know until after the report of the commissioners was made that objection could be made upon the ground above mentioned.

" There is also conflicting evidence as to a certain conversation between the appellant's husband and Maurice W. Humphrey. Humphrey, however, admits that after the award was made Townsend (the appellant's husband) said to him : ' Well, I am beat,' and Humphrey replied, ' I supposed you would be.'

" The learned judge, at Special Term, in his opinion on confirming the award, said that if at any time during the progress of the proceedings before the commissioners an application had been made to substitute another commissioner for Humphrey, the motion would have been granted. Thus it appeared to the learned judge' as it appears to us, that it was manifestly improper that Mr. Humphrey should be a commissioner to appraise lands at Milton, while his son was station agent of the railway company at that place. No discussion is needed on this point. But the learned judge held that, as the interested parties had proceeded with full knowledge of the fact, and the railway company had expended money in the investigation, it would be unjust to set aside the report. This principle is certainly very sound as a general rule. But it seems to us that there are peculiar circumstances here. When Mr. Humphrey was appointed his son was not station agent, or in any way in the company's employ. Objection therefore could not have been successfully made at that time. After the appointment of the son became known to Mr. Townsend, he says that he supposed the landowners had to submit to the commissioners appointed, and did not know that a change could be made. That statement is very probable.

" Now, it was the voluntary act of the company which appointed Maurice W. Humphrey first telegraph operator at Saugerties, and then station agent at Milton. True, the superintendent says that

the appointment was made on Humphrey's merits, and not at the request of any officer of the road, and that he did not know Humphrey's father was a commissioner. But we cannot think that the ignorance of the superintendent excuses the matter. The fact remains that the railway company, having an important matter in litigation before Mr. Amasa Humphrey, as one of the commissioners, before any testimony was taken, appointed his son station agent at the place where the land lay, and where the commissioners met. We do not say that this appointment had any influence on the decision. We do not question the commissioner's integrity; but these proceedings must not be open to suspicion. If the railway company has expended money in this investigation which may be lost, they have only themselves to blame. They should have recognized the impropriety of proceeding before Mr. Humphrey after they had taken his son into their employ. They should have applied at once for another commissioner."

*A. Schoonmaker*, for the appellant.

*F. L. Westbrook*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Order of confirmation and report set aside, with costs and printing disbursements against the company : commissioners discharged, new commissioners to be appointed by Special Term.